IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIANE HASKINS, § | |
|     Plaintiff, § | |
| § | |
| VS. § | C.A. NO. _____ |
| § | Jury Trial Demanded |
| 10 ROADS EXPRESS, LLC, § | |
|     Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** DIANE HASKINS, Plaintiff, and files this Original Complaint, complaining of and against Defendant, 10 ROADS EXPRESS, LLC, and in support thereof, would respectfully show the Court the following, to wit:

### PARTIES

1. Plaintiff, DIANE HASKINS, is a resident and citizen of Gregg County, Texas.

2. Defendant, 10 ROADS EXPRESS, LLC, is a foreign limited liability company formed under the laws of the State of Delaware with a principal place of business at 2200 Abbott Drive, Carter Lake, IA 51510, and may be served with process by serving its registered agent for service, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it may be found.  Service is hereby requested via the clerk's office by certified mail, return receipt requested.

### JURISDICTION & VENUE

3. Jurisdiction is based on diversity of citizenship of the parties, and an amount in controversy in excess of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. §1332(a).  Venue is proper in this district pursuant to 28 U.S.C. §1391, because a substantial part

of the events or omissions giving rise to the claims occurred in the Eastern District of Texas.

## **FACTS**

4. On October 24, 2022 at approximately 5:40 a.m., Plaintiff, DIANE HASKINS, was travelling eastbound in the outside lane on I-20 in Gregg County, Texas.

5. Jerry Dean Tabors was operating a 2018 blue Volvo tractor owned by Defendant, 10 Roads Express, LLC, and towing a 2020 white Hyundai Translead trailer owned by 10 Roads Capital, LLC, also traveling eastbound in the inside lane on I-20.

6. Jerry Dean Tabors attempted to change lanes from the inside lane to the outside lane and sideswiped Plaintiff's vehicle, causing Plaintiff's vehicle to lose control.

7. As a result of the impact, Plaintiff, DIANE HASKINS' vehicle exited the highway, rolled over, and collided with some trees.

8. The investigating Texas DPS Trooper reported that the roadway surface was dry and level with a curve at the time of the collision.

9. The investigating Texas DPS Trooper reported that the weather was cloudy.

10. The investigating Texas DPS Trooper reported that lighting conditions were dark/not lighted.

11. The investigating Texas DPS Trooper reported that the roadway was a two-lane divided highway with marked lanes.

12. The investigating Texas DPS Trooper made the determination that the sole contributing factor to the wreck was Mr. Jerry Dean Tabor's attempt to change lanes when it was unsafe to execute the maneuver.

13. The wreck was captured on video by a system located within Defendant's truck.

14. Plaintiff, DIANE HASKINS, was injured in the collision as a result of the forces

exerted on her body during the impact. As a direct and proximate result of Jerry Dean Tabors' negligent acts, Plaintiff, DIANE HASKINS, suffered significant bodily injuries.

15. Upon information and belief, at the time of the collision, Jerry Dean Tabors was operating a vehicle owned by his employer and in the course and scope of his employment with Defendant, 10 ROADS EXPRESS, LLC.

16. Upon information and belief, Defendant, 10 ROADS EXPRESS, LLC, is a company engaged in a business affecting interstate commerce.

17. Upon information and belief, Defendant, 10 ROADS EXPRESS, LLC, owns or leases commercial motor vehicles in connection with its business and operates those vehicles on the public roads and highways of the State of Texas and of the United States of America.

## NEGLIGENCE AND NEGLIGENCE PER SE

18. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

19. The occurrence made the basis of Plaintiff's lawsuit, and the resulting injuries and damages to Plaintiff, were proximately caused by Jerry Dean Tabors' acts and/or omissions including, but not limited to, one or more of the following:

   a. turning the vehicle improperly in violation of TEX. TRANSP. CODE ANN. §545.103;

   b. failing to properly and timely apply his brakes;

   c. changing lanes when unsafe;

   d. failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   e. failing to pay that degree of attention as a person of ordinary prudence would have used under the same or similar circumstances;

    f.    driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

    g.    driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of TEX. TRANSP. CODE ANN. §545.401;

    h.    failing to take such evasive action as a person using ordinary care would have taken to avoid the collision in question;

    i.    operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances; and

    j.    other acts of negligence and negligence *per se* which were proximate causes of the collision in question.

20.    Each and all of the acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## **RESPONDEAT SUPERIOR**

21.    Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

22.    Upon information and belief, at all times pertinent hereto, Jerry Dean Tabors was employed by Defendant, 10 ROADS EXPRESS, LLC, at the time of the wreck. At or during the time of the acts and/or omissions complained of herein, said acts and/or omissions of Jerry Dean Tabors, as an employee of Defendant, 10 ROADS EXPRESS, LLC, occurred within the scope of the general authority and for the accomplishment of the objectives for which such Jerry Dean Tabors was employed by Defendant, 10 ROADS EXPRESS, LLC.

23. Defendant, 10 ROADS EXPRESS, LLC, is therefore liable to Plaintiff for the acts and/or omissions of Jerry Dean Tabors, complained of herein under the doctrine of Respondeat Superior.

## STATUTORY EMPLOYEE

24. Alternatively, upon information and belief, at all times material to this cause of action, Jerry Dean Tabors was for all purposes a statutory employee of Defendant, 10 ROADS EXPRESS, LLC, as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas statute.

25. An employer, as defined by FMCSR, means "any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. § 390.5 (1997).

26. Texas has incorporated, by reference, Parts 40, 380, 382, 385, 386, 387, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 4.11 (2016) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 40, 280, 382, 385, 386, 387, 390-393, and 395-397 including amendments and interpretations thereto as amended through May 1, 2016.").

27. Defendant, 10 ROADS EXPRESS, LLC, is thereby vicariously liable for the negligent actions of Jerry Dean Tabors. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App-Fort Wroth 2002, no pet.).

## DAMAGES

28. As a producing and proximate result of the above-described acts of Defendant, Plaintiff, Diane Haskins, has suffered and will continue to suffer significant economic losses and

other injuries resulting in the following actual damages in an amount greatly exceeding the minimal jurisdictional limits of this Court:

    (1)    Reasonable and necessary medical expenses incurred in the past;

    (2)    Reasonable and necessary medical expenses in reasonable probability, to be incurred in the future;

    (3)    Conscious physical pain and suffering experienced in the past;

    (4)    Conscious physical pain and suffering in reasonable probability, likely to be experienced in the future;

    (5)    Mental anguish in the past;

    (6)    Mental anguish, in reasonable probability, to be experienced in the future;

    (7)    Physical impairment in the past;

    (8)    Physical impairment, in reasonable probability, to be experienced in the future;

    (9)    Pre-judgment interest at the highest rate allowed by law; and

    (10)    Post-judgment interest at the highest rate allowed by law.

## INTEREST

29.    Plaintiff is entitled to both pre-judgment and post-judgment interest at the highest rates allowed by law or statute.

## DEMAND FOR JURY TRIAL

30.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury as to all issues of her Complaint filed against Defendant.

## PRAYER FOR RELIEF

31.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that upon final trial of this cause Plaintiff recovers as follows:

a. Judgment against the Defendant for economic, noneconomic, and compensatory damages;

b. pre-judgment and post-judgment interest as allowed by law;

c. costs of suit; and

d. all other relief, both general and special, equitable and legal.

Respectfully submitted,

By: /s/ N. Eric Cooper
N. ERIC COOPER
State Bar No. 24036399
The Cooper Law Firm
P. O. Box 2222
501 N. Third Street (75601)
Longview, Texas 75606-2222
Telephone: (903) 297-0037
Facsimile: (903) 236-0035
E-mail: eric@cooper-law-firm.com

**ATTORNEY FOR PLAINTIFF
DIANE HASKINS**